IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22MC116-GCM

| | |
|---|---|
| **NTIONWIDE JUDGMENT RECOVERY,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**SHENG FENG SONG,** )<br>)<br>    **Defendant.** )<br>_____) | **ORDER** |

This matter is before the Court upon Net Winner Sheng Feng Song's Motion to Vacate pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. The Motion was originally filed in the United States District Court for the Southern District of New York on May 21, 2021. The successor in interest to the Final Judgments entered against Net Winners, National Judgment Recovery, responded to Mr. Song's motion and no Reply was filed. The matter was properly transferred to this Court on July 5, 2022.

Mr. Song seeks to have the Final Judgment issued against him five years ago set aside, claiming that this Court lacks personal jurisdiction. After the Net Winner Class in this case was certified, this Court entered a Process Order designed to (1) provide Net Winners with notice that they were members of the Net Winner class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings. *See Bell v. Disner*, 3:14cv91, Doc. No. 153 at 2. The Process Order required the Receiver to provide notice to all persons that he believed were part of the Net Winner Class with notice "by email to the email address provided by the net winner in connection with any account" with ZeekRewards "as well as any other email address that has been provided by the net winner." *Id.* at 2, ¶ 3. "In the event that the notice [could not] be

delivered to any email address provided by the Net Winner," the Receiver was required to "send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings." *Id.* The Receiver was also required to "post a link on the Receivership website" that allowed Net Winners to access all this information. *Id*. All Net Winners were provided with an opportunity to contest their membership in the Net Winner class as well as the Receiver's calculation of their Net Winnings. *Id*. at 3, ¶ 5. The Fourth Circuit approved of the Process Order, concluding that it "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514, n. 8 (4th Cir. 2019).

Rule 60(b)(4) permits a "void" judgment to be set aside upon a showing of extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). This is an extremely high standard, and relief may be granted "only when there is a total want of jurisdiction and no arguable basis on which [the court] could have rested a finding that it had jurisdiction." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

This Court entered a final judgment against Mr. Song, after notice, as a member of a certified defendant Net Winner class. Courts throughout the country have held that a showing of personal jurisdiction as to every class member is not necessary, so long as other procedural safeguards regarding notice were adhered to. *See*, *e.g. National Fair Housing Alliance v. A.G. Spanos Const., Inc.*, 542 F. Supp. 2d 1054, 1065 (N.D. Cal. 2008) ("it is well settled that jurisdiction is not needed over absent members of a defendant class"); *U.S. v. Trucking Emp.,*

*Inc.*, 72 F.R.D. 98, 99–100 (D.D.C. 1976); *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261, 1265, (10th Cir. 2004); *Weinman v. Fidelity Capital Appreciation Fund*, 2008 WL 753958 *5 (N.D. Ill. 2008). In addition, Mr. Song, represented by class counsel, waived the issue of personal jurisdiction by failing to make the argument to this court or raise it on appeal. *See Bell*, 922 F.3d at 512 n. 5. Accordingly, Mr. Song may not challenge personal jurisdiction in this collateral attack.

IT IS THEREFORE ORDERED that Mr. Song's Motion to Set Aside Judgment is hereby DENIED.

Signed: August 2, 2022

Graham C. Mullen
United States District Judge